# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| True Value Company, <br><br> Plaintiff, <br><br> vs. <br><br> TrueValue POS, Inc., <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff, True Value Company ("Plaintiff"), for its Complaint against Defendant TrueValue POS ("Defendant") alleges as follows:

## THE PARTIES

1. Plaintiff is a Delaware corporation having its principal place of business at 8600 West Bryn Mawr Avenue, Chicago, Illinois 60631-3505.

2. Upon information and belief, Defendant is a corporation with a principal place of business at 89 Main St. 3rd floor, Milford, Massachusetts, 10757.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, unfair competition and dilution under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, common law trademark infringement, and dilution under state law. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 15 U.S.C. § 1121, as well as supplemental jurisdiction under 28 U.S.C. § 1367. The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), in that Defendant resides in Massachusetts, a substantial part of the claims occurred in this district, and Defendant transacts business within this judicial district.

**FACTUAL ALLEGATIONS**

5. Plaintiff is the member-owned cooperative and wholesaler-distributor for a national chain of nearly 4,500 retail stores, thousands of which are known as TRUE VALUE hardware stores. Members of the TRUE VALUE cooperative are independently owned and operated, and are not limited by Plaintiff with regard to the goods and services that they can provide. TRUE VALUE stores offer a variety of products and services, and members may offer goods and services in their TRUE VALUE store that are not found in other TRUE VALUE stores.

6. Plaintiff owns numerous U.S. and foreign registrations for the TRUE VALUE mark, as a trademark, service mark and collective membership mark. Plaintiff owns, among others, the following United States Trademark Registrations:

| MARK | REGISTRATION NO. | REGISTRATION DATE | GOODS AND SERVICES |
| --- | --- | --- | --- |
| TRUE VALUE | 1971101 | April 30, 1996 | Retail store services in the fields of home improvement, hardware goods, automobile parts and accessories, housewares, … computer goods, beauty aids, lighting, … appliances, electronics, lawn and garden, paint, paint sundries, plumbing, heating, … and builders' supplies |
| TRUE VALUE | 1090538 | May 2, 1978 | Indicating membership in association of retail hardware stores |
| TRUE VALUE | 3,068,139 | March 14, 2006 | Providing national and local co-operative advertising to |

| | | | members and other third parties; wholesale cooperative purchasing services on behalf of its members and other third parties. |
|---|---|---|---|
| TRUE VALUE | 3,068,155 | March 14, 2006 | Providing national and local co-operative advertising to members and other third parties; wholesale cooperative purchasing services on behalf of its members and other third parties. |
| TRUE VALUE | 4,475,991 | January 28, 2014 | Credit card services |

Copies of Registration Certificates from the United States Patent and Trademark Office ("USPTO") are attached as Exhibits A through E.

7. U.S. Trademark Registration Nos. 1,971,101; 1,090,538; 3,068,139; and 3,068,155 have been in continuous use for at least five consecutive years from the date of registration, and are currently used in commerce by Plaintiff. Plaintiff filed a declaration with the USPTO pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. Thus registrations for U.S. Trademark Registration Nos. 1,971,101; 1,090,538; 3,068,139; and 3,068,155 are incontestable and are *prima facie* evidence of the validity of the registered mark, registration of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the TRUE VALUE mark in commerce under Section 33 of the Lanham Act, 15 U.S.C. § 1115(a).

8. Plaintiff also has common law rights in the mark TRUE VALUE in connection with support services and point-of-sale ("POS") systems in Massachusetts and throughout the United States. Plaintiff specifically provides POS software and systems to its members, with example product offerings shown on the pages located at

http://transactpos.com.dnnmax.com/Solutions/TrueValueHardwareStores/tabid/59/Default.aspx;

https://www.manualslib.com/manual/814852/True-Value-Rocksolid-Pos.html#manual; and http://www.syssolutionsllc.com/page/Solutions/TrueValue. (Exhibits F-H.)

9. Plaintiff's predecessor first adopted the TRUE VALUE mark in 1954 and the mark has been in continuous use, without interruption, since that date.

10. Plaintiff has invested a significant amount of money to promote its products and services under the TRUE VALUE marks. As a result, Plaintiff's customers across the country use and rely on the TRUE VALUE marks to identify goods and services offered by Plaintiff and to identify membership in the TRUE VALUE cooperative. Plaintiff has also invested a significant amount of money and resources into enforcing its TRUE VALUE marks and preventing unauthorized and improper third-party use of the TRUE VALUE marks.

11. The TRUE VALUE mark is recognized and relied upon as identifying Plaintiff as the sole source of products and services for members and, by extension, consumers, and as distinguishing Plaintiff's products and services from those of others. The TRUE VALUE mark is also recognized and relied upon as identifying membership in the TRUE VALUE cooperative network of retail hardware stores. As a result, the TRUE VALUE mark has acquired substantial goodwill and is an extremely valuable commercial asset.

12. The TRUE VALUE mark is distinctive as a trademark for indicating membership in Plaintiff's cooperative network of retail hardware stores. The TRUE VALUE mark is also distinctive as a trademark for products and services associated with support services and POS software and systems.

13. The TRUE VALUE marks are famous and were famous prior to Defendant's first use of the TRUE VALUE mark or derivatives thereof. Plaintiff advertises these marks throughout the United States and the world and offers goods and services associated with these

marks throughout the United States and the world. Members of the cooperative prominently display the TRUE VALUE mark on signage in front of, and within, their stores around the world. Stores using the mark are located in the following countries, among many others: Mexico, American Samoa, Guam, Ecuador, Costa Rica, Columbia, Micronesia, Grenada, Venezuela, Spain, Bahrain, Saudi Arabia, Iceland, Saint Vincent, Bolivia, El Salvador, Jordan, Virgin Islands, French Polynesia, Honduras, Panama, Puerto Rico, Barbados, Northern Mariana Islands, Dominican Republic, Belize, Philippines, Thailand, Jamaica, Trinidad and Tobago, Kuwait, Bermuda, Singapore, Guatemala, Bahamas, Suriname, Cayman Islands, Saint Lucia, Antigua and Barbuda, Canada, Aruba, Dominica, United Arab Emirates, Australia, Qatar, Saint Kitts and Nevis, Japan, Israel, Indonesia, Iraq, Lebanon, Oman, Federated State of Micronesia, New Zealand, Barbados, Haiti, St. Barthelemy, Guyana, and Russian Federation. True Value Company owns approximately 35 U.S. registrations for the mark TRUE VALUE and derivations thereof (*e.g.*, TRUE VALUE MAX, TRUE VALUE SIMPLY GLAZE). Consumers recognize these marks to such an extent that the marks are famous.

14. Defendant had constructive notice of Plaintiff's trademark rights in the TRUE VALUE mark at least as early as May 2, 1978, based on Plaintiff's application (filed by its predecessor-in-interest) to register the TRUE VALUE mark with the USPTO. Plaintiff has also given notice of its registered rights in the TRUE VALUE marks by using the ® symbol in connection with its trademark.

15. Upon information and belief, Defendant began using the TRUE VALUE mark in or around 2013 or 2014, as shown by the domain name registry information for its website located at http://www.truevaluepos.com (Exhibit I) and the earliest image capture for the website

located at http://www.truevaluepos.com/ on the Internet Archive (Exhibit J). Defendant uses the TRUE VALUE mark in association with POS software and systems including:

- Restaurant POS solutions;
- Retail POS solutions; and
- Credit card services.

(Exhibit K [current screen capture of http://www.truevaluepos.com/];
Exhibit L [http://www.truevaluepos.com/categories.php];
Exhibit M [http://www.truevaluepos.com/products.php?cat=9];
Exhibit N [http://www.truevaluepos.com/proddetail.php?prod=AldeloEDC].)

16. Furthermore, upon information and belief, Defendant also began using the TRUE VALUE mark in or around 2016, as shown by the domain name registry information for its website located at http://www.truevalueshops.net/ (Exhibit O) and the earliest image capture for said website located at http://www.truevalueshops.net/ on the Internet Archive (Exhibit P). Defendant uses the TRUE VALUE mark in association with setting up online stores across various websites and in conjunction with the aforementioned POS software, solutions, and credit card services. (Exhibit Q [current screen capture of http://www.truevalueshops.net/]; Exhibit R [http://www.truevalueshops.net/ospricing.php].)

17. Defendant prominently displays the TRUE VALUE mark and derivatives of that mark in advertising for its products including use on its website. Examples of Defendant's various uses of the TRUE VALUE mark are shown on its websites at http://www.truevaluepos.com/ and http://www.truevalueshops.net/index.php, including those pages shown in Exhibits K-R.

18. Defendant has been made aware of Plaintiff's prior rights in the TRUE VALUE mark. Plaintiff sent Defendant a cease and desist letter on January 30, 2017, and had follow-up conversations and correspondence with Defendant in February and March of 2017, but

Defendant has not ceased use of the TRUE VALUE mark and continues to infringe Plaintiff's TRUE VALUE mark. (*E.g.*, Exhibits K-R.)

19. As a result of Plaintiff's correspondence, Defendant had actual notice of Plaintiff's superior rights in the TRUE VALUE marks since at least February 8, 2017. (Exhibit S.) Since receiving such notice, Defendant has refused to cease use of its infringing TRUE VALUE mark and derivatives of that mark. Defendant also had constructive notice of the TRUE VALUE marks based on federal registration of the marks.

20. Defendant is aware of the vast and valuable goodwill and reputation represented and symbolized by Plaintiff's TRUE VALUE marks. Defendant is also aware that Plaintiff's members, consumers, and potential consumers rely upon Plaintiff's TRUE VALUE marks as identifying membership in Plaintiff's cooperative network of retail hardware stores and as distinguishing Plaintiff's goods and services from others including distinguishing its products and services geared toward POS software and systems.

21. Defendant's use of the TRUE VALUE mark and derivatives of that mark is without the permission, consent, or authority of Plaintiff.

22. The similarity between Plaintiff's TRUE VALUE marks and Defendant's use of the TRUE VALUE mark and derivatives of that mark is likely to cause confusion. The marks are highly similar in overall appearance, sound, and meaning. Defendant's use of the highly descriptive, if not generic, term "POS" does not significantly alter the overall commercial impression of the TRUE VALUE mark, nor does Defendant's use of varying font.

23. Defendant's use of the TRUE VALUE mark and derivatives thereof is likely to cause confusion due to the similarity of goods and services offered in connection with Defendant's marks and Plaintiff's marks. Defendant's marks and Plaintiff's marks are used as

source identifiers for the same and related products and services. Defendant uses the TRUE VALUE mark in association with POS software and systems including credit card services. Plaintiff has rights in the TRUE VALUE mark in association with providing advertising and credit card services, as an indicator of membership in a cooperative network of retail hardware stores, and in association with providing POS software and systems to its members on its website. The identical and/or related nature of the goods and services offered by Plaintiff and Defendant is likely to confuse consumers as to the source of origin of the goods and services being offered and/or consumers are likely to be confused by erroneously believing Defendant is in some manner sponsored by, affiliated with, or otherwise associated with Plaintiff.

24. Defendant's services are advertised and promoted under the TRUE VALUE mark and derivatives of that mark in the same channels of trade as the products and services under Plaintiff's TRUE VALUE marks. Defendant and Plaintiff advertise, promote, and offer their products and services to consumers in Massachusetts and across the United States, including through websites located on the Internet. Plaintiff's and Defendant's advertising and promotional materials are both directed to individual consumers rather than wholesalers, resellers, bulk buyers, etc.

25. Defendant's continued use of the TRUE VALUE mark and derivatives of that mark on its websites, in its advertising and promotional materials, and on any signs or product labels is likely to diminish the goodwill associated with Plaintiff's TRUE VALUE marks.

26. Defendant's products and services under the TRUE VALUE mark and derivatives of that mark are being provided and/or promoted, and are likely to continue being provided and/or promoted, throughout the same geographic markets as, and in close proximity to Plaintiff's goods and services offered under its marks. Plaintiff has approximately 40 TRUE

VALUE stores within about a 30 mile radius of Milford, Massachusetts, the location of Defendant. (Exhibit T.) The close proximity of Defendant to Plaintiff's many retail stores increases the likelihood of confusion, and Defendant derives and will continue to derive substantial revenue from its goods and services provided under the TRUE VALUE mark and derivatives of that mark.

27. Defendant's unauthorized use of the TRUE VALUE mark and derivatives of that mark is likely to cause confusion or mistake or to deceive consumers into believing that Defendant's unauthorized goods and services advertised, promoted, and offered under the TRUE VALUE mark and derivatives of that mark are sponsored, licensed, or authorized by or affiliated, connected or otherwise associated with Plaintiff, or that Plaintiff's goods and services offered in association with Plaintiff's TRUE VALUE mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Defendant.

28. Defendant's continued use of the TRUE VALUE mark and derivatives of that mark is with full knowledge of the prior ownership by Plaintiff of the TRUE VALUE mark and Plaintiff's rights to use and control the use of such mark.

29. Defendant has acted and continues to act without regard to Plaintiff's property rights and goodwill.

30. As a result of Defendant's unauthorized use of the TRUE VALUE mark and derivatives of that mark, Defendant is being unjustly enriched at Plaintiff's expense, and Plaintiff is being damaged.

31. Defendant's unauthorized use of the TRUE VALUE mark and derivatives of that mark in association with POS software and solutions, including credit card services, has significantly injured Plaintiff's interests and will continue to do so unless immediately enjoined.

Specifically, Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in Plaintiff's TRUE VALUE marks; (b) has caused likely public confusion as to the source, sponsorship, or affiliation of Defendant's goods and services; (c) has diluted the distinctiveness of Plaintiff's famous marks; (d) has damaged and threatens to further damage Plaintiff's significant and valuable goodwill in its TRUE VALUE marks; (e) has injured and threatens to further injure Plaintiff's right to use its TRUE VALUE marks as the exclusive indicia of membership in Plaintiff's cooperative network of retail hardware stores and as the exclusive indicia of origin of Plaintiff's membership and goods and services POS software and systems throughout the United States; and (f) has lessened the capacity of the TRUE VALUE marks to indicate that its goods and services are affiliated with or sponsored by Plaintiff.

32. Upon information and belief, Defendant will continue to unlawfully use the TRUE VALUE mark to promote and provide its products and services, unless enjoined by the Court.

33. Plaintiff has no adequate remedy at law.

34. Defendant's acts of infringement, unfair competition, and dilution complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and/or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114 *ET SEQ*.)

35. Plaintiff repeats the allegations of paragraphs 1-34 of this Complaint as if fully set forth herein.

36. The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, affiliation, or approval and therefore constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1).

37. By reason of Defendant's bad faith and willful infringement, Plaintiff is entitled to recover actual damages, treble damages, an accounting for Defendant's profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))

38. Plaintiff repeats the allegations of paragraphs 1-37 of this Complaint as if fully set forth herein.

39. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Plaintiff is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
## UNFAIR AND DECEPTIVE ACTS (MASS. GEN. LAWS CH. 93(A), *ET SEQ.*)

41. Plaintiff repeats the allegations of paragraphs 1-40 of this Complaint as if fully set forth herein.

42. Defendant's conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendant is affiliated with, related to, sponsored by, or connected with Plaintiff, in violation of Mass. Gen. Laws Ch. 93(A).

43. Defendant's conduct occurred primarily and substantially in Massachusetts through its decision making at its headquarters in Milford, Massachusetts and its shipping of products from Massachusetts.

44. Defendant's conduct constitutes intentional, willful, and reckless disregard of Plaintiff's rights and is an attempt to trade on the goodwill which Plaintiff has developed, all to the damage of Plaintiff.

45. As a result of Defendant's conduct, Defendant has caused and will continue to cause damage and injury to Plaintiff.

46. Plaintiff is entitled to recover treble damages and attorneys' fees for Defendant's trademark infringement.

## COUNT IV
## TRADEMARK INFRINGEMENT (UNDER MASSACHUSETTS COMMON LAW)

47. Plaintiff repeats the allegations of paragraphs 1-46 of this Complaint as if fully set forth herein.

48. Defendant's conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendant is affiliated with, related to, sponsored by, or connected with Plaintiff, in violation of the common law of the state of Massachusetts.

49. Defendant's conduct constitutes intentional, willful, and reckless disregard of Plaintiff's rights and is an attempt to trade on the goodwill which Plaintiff has developed, all to the damage of Plaintiff.

50. As a result of Defendant's conduct, Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff.

51. Plaintiff has no adequate remedy at law and is entitled to injunctive relief.

52. Plaintiff is entitled to recover actual and punitive damages for Defendant's trademark infringement.

## COUNT V
## FEDERAL DILUTION (15 U.S.C. § 1125(c))

53. Plaintiff repeats the allegations of paragraphs 1-52 of this Complaint as if fully set forth herein.

54. Plaintiff's TRUE VALUE marks are famous and distinctive.

55. Defendant is using the TRUE VALUE mark and/or derivatives thereof in commerce and began using the TRUE VALUE mark and/or derivatives thereof after Plaintiff's TRUE VALUE marks became famous.

56. Defendant's use of the TRUE VALUE mark and/or derivatives thereof is diluting the distinctive quality of Plaintiff's TRUE VALUE marks.

57. By reason of Defendant's dilution of Plaintiff's famous marks, Plaintiff is entitled to an injunction pursuant to 15 U.S.C. § 1125(c)(1).

58. By reason of Defendant's willful intent to trade on the recognition of Plaintiff's famous marks, Plaintiff is further entitled to injunctive relief and to recover actual damages, treble damages, an accounting for Defendant's profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1125(c)(5) and §§ 1116, 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. Find that Defendant has infringed Plaintiff's TRUE VALUE marks in violation of federal law and has damaged Plaintiff's goodwill by its conduct.

B.	Find that Defendant has unfairly competed with Plaintiff by the acts complained of herein in violation of federal law.

C.	Find that the acts of Defendant constitute unfair and deceptive acts in violation of Mass. Gen. Law. Ch. 93(A), *et seq.*

D.	Find that the acts of Defendant constitute trademark infringement in violation of the common law of the state of Massachusetts.

E.	Find that Defendant has diluted Plaintiff's TRUE VALUE marks in violation of federal law.

F.	Permanently enjoining and restraining Defendant and its respective partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant from:

1.	Using on or in connection with the production, manufacture, advertisement, promotion, display (including on the Internet or in any metadata) or otherwise, displaying for sale, offering for sale, sale, or distribution of any product or service or for any purposes whatsoever, the TRUE VALUE mark, or any other mark confusingly similar to the TRUE VALUE mark.

2.	Providing software updates, servicing or otherwise providing technical support for products sold that use the TRUE VALUE mark, or any other mark confusingly similar to the True Value mark.

3.	Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that Defendant's products or services originate with or are the products or services of Plaintiff, or that there is any affiliation, sponsorship, endorsement,

association, or connection between Plaintiff and its products and services and Defendant and its products or services, and from otherwise competing unfairly with Plaintiff.

G. An Order directing that Defendant destroy all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the TRUE VALUE mark or any derivative mark or any simulation, reproduction, copy or colorable imitation of the TRUE VALUE mark, and all software products, films, discs, plates, molds, matrices, and any other means of making the same and provide a certificate swearing, under oath and subject to the penalty of perjury, to said destruction.

H. An Order directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product or service promoted or provided by Defendant is authorized by Plaintiff or related in any way to Plaintiff's products or services.

I. An Order directing Defendant to file with this Court and to serve upon Plaintiff within thirty (30) days after service upon Defendant of an injunction in this action, a written report by Defendant, under oath, setting forth in detail the manner in which Defendant has complied with the injunction.

J. An Order directing Defendant to file with this Court and serve upon Plaintiff within a reasonable amount of time an accounting of profits which are attributable to the Defendant's wrongful actions.

K. An Order awarding Plaintiff, as damages, Defendant's profits from its sale of products and services or revenue generated through its products and services under the TRUE VALUE mark or derivatives of that mark.

L. An Order awarding Plaintiff all damages, trebled, and other remedies permitted by Massachusetts state law and common law, in an amount to be determined at trial.

M. An Order awarding Plaintiff all damages and other remedies permitted by 15 U.S.C. § 1117(a), trebled.

N. An Order awarding Plaintiff recovery of damage control expenses.

O. An Order awarding Plaintiff reasonable attorneys' fees and the costs of this action.

P. An Order awarding Plaintiff such further relief as this Court deems just and proper.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable as of right by a jury.

Date: October 16, 2017

TRUE VALUE COMPANY

By its attorneys,
NIXON PEABODY LLP

 */s/ Jason C. Kravitz*
Jason C. Kravitz (BBO# 565904)
jkravitz@nixonpeabody.com
Leslie E. Hartford (BBO# 687929)
lhartford@nixonpeabody.com
Richard H. Tilghman (*pro hac vice* to be requested)
rhtilghman@nixonpeabody.com
100 Summer Street
Boston, MA 02110
617-345-1000
617-345-1300 (fax)

OF COUNSEL:

Thomas R. Johnson
Paige Stradley
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone No. 612.332.5300
Facsimile No. 612.332.9081